The Honorable Jerry D. King State Representative P.O. Box 673 Greenwood, Arkansas 72936-0673
Dear Representative King:
This is in response to your request for an opinion on two questions involving the adoption by a local school board of amendments to the "weightings" for extra responsibility on a teacher salary schedule. Specifically, you pose the following two questions:
 1. If the personnel policies committee of a school district proposed to the school board a change in the `weightings' for extra responsibility[1] on the certified salary schedule for a subsequent school year, can the board amend that proposal to increase some of the proposed weightings and then adopt the amended proposal?
 2. Provided that all other personnel policies requirements are met, may a school board present a proposal to the personnel policy committee to increase selected `weightings' on the salary schedule for a subsequent school year?
You indicate that these questions arise in light of the fact that the 1991-92 salary schedule was adopted on a majority vote of the certified staff and the school board of a particular district. The schedule adopted resulted in an unequal distribution of "56% funds" for the 1991-92 school year based on existing weightings shown on the salary schedule. In preparation for the 1992-93 school year, the personnel policy committee proposed changing the format of the weightings and presented their proposal to the school board.
The school board amended the proposal by increasing a weighting, referred it back to the committee, and then at the next regular board meeting approved the amended proposal.
This action was taken prior to the issuance of contracts. You pose the question of whether the action taken was proper as it relates to state law regarding personnel policies and salary schedules. You indicate that:
 It would seem that maybe there has not been an unequal distribution of funds for the 1992-93 school year, as the staff will have the opportunity at that time to approve the unequal distribution or to request an equal distribution. In the latter case, any increase in weightings would be obligation over and above the 56% requirement and would come from district funds not required to be expended in salaries.
It is my opinion that the answer to both of your questions is "yes;" but the method of financing the increased "weightings" is a separate question.
Under the relevant statutes governing personnel policies (A.C.A.6-17-201 Ä 208 (Cum. Supp. 1991)), either the school board or the personnel policies committee may propose new personnel policies or amendments to existing policies. A.C.A. 6-17-205(c). The same statute also provides that the school board may "adopt, reject, amend, or refer back to the committee" any proposed policies or amendments to existing policies that are submitted to the board for consideration. A.C.A. 6-17-205(f). The factual outline above is thus consistent with this statute.
The thrust of your opinion request, however, appears to concern the funding of any increase in weightings. The problem, as noted, is that for 1991-92, the "56% funds" were distributed unequally pursuant to a vote of the teachers to this effect. These funds could thus be used to satisfy the "weightings" as reflected on the salary schedule. The problem is that for the 1992-93 school year, the teachers will have an opportunity to vote on whether there will be an equal distribution of these funds, or whether they should again be distributed unequally according to the weightings on the salary schedule. If the school board has already approved the increase in weightings and the teachers do not vote for an unequal distribution of these funds, these funds must be distributed equally among all certified personnel, and cannot be used to satisfy the increased weightings unless this can be done through an equal distribution. A.C.A.6-20-319(4)(A)(i) (Cum. Supp. 1991). Your request indicates that in such instance, "any increase in weightings would be obligation over and above the 56% requirement and would come from district funds not required to be expended in salaries."
In my opinion, if the increased weightings are approved, and the teachers do not vote for an unequal distribution (that is the 56% funds are to be distributed equally), the weightings may not be satisfied with the 56% unless this can be accomplished through an equal distribution. A.C.A. 6-20-319(4)(A)(i). This does not mean, however, that the weightings would have to be satisfied with "funds not required to be expended in salaries." Each school district is required to pay its certified personnel seventy percent of its net current revenue. A.C.A. 6-20-307(c), and A.C.A. 6-20-319(4)(A). Each district is also required to pay certified personnel not less that eighty percent of seventy percent of its annual increase in net current revenue over the previous year. A.C.A. 6-20-319(4)(A). The latter is the "56%" requirement (80% x 70% = 56%), and only pertains to the increase in net current revenue from one year to the next.
Thus, if the teachers opt for an equal distribution of the 56%, these funds may not be used unequally to pay for the increased weightings. The district may satisfy the increased weightings, however, from other salary monies, i.e. from the seventy percent of net current revenue, if available. There is no equal distribution requirement as to these monies.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It is my understanding that by "extra responsibility" you mean the added responsibility of being a principal, band director, etc., and not extra responsibility as regards an extended contract.